# INSTRUCTION NO. 1

Members of the Jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others because all are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

# INSTRUCTION NO. 3

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.  I will list those things again for you now:

1.    Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustained

an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.    Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, I instructed you that some evidence was received for a limited purpose only. You must follow that instruction.

# INSTRUCTION NO. 4

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that the witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a

contradiction is an innocent misrecollection or lapse of memory or a lie, and that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 6

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

# INSTRUCTION NO. 7

The Superseding Indictment charges Brandy Marie Thomas with four counts of wire fraud in connection with four loan transactions.

The United States alleges:

Thomas purchased three residential houses in her own name and refinanced one residential house.  In connection with  the purchases of the three residential houses, Thomas applied for loans by completing Uniform Residential Loan applications.  For the purchases of these three houses, her applications were false in that each overstated the income made my her.  In connection with the residential house that Thomas refinanced, Thomas provided fraudulent rental agreements which overstated her income.

In connection with the purchase of the residential house located at 1423 Summit Street, Little Rock, Arkansas, Thomas

falsely represented that she was receiving rental income on three properties in the total amount of $5,675.00 per month.

In connection with the refinance of the house located at 3709 West 12th Street, Little Rock, Arkansas, Thomas submitted fictitious rental agreements for three properties to the mortgage company. At closing, Thomas received approximately $54,255.52.

In connection with the purchase of the residential house located at 33 Glasgow, Little Rock, Arkansas, Thomas overstated her monthly income from employment by over $11,000.00. Thomas also falsely represented that she was receiving rental income on two properties in the total amount of $4,500.00 per month. She also supplied fictitious rental agreements to support this stated rental income.

In connection with the purchase of the house located at 1813 Princeton, Little Rock, Arkansas, Thomas overstated her

monthly income from employment by over $13,000.00.

Thomas also represented that she was receiving rental income

on one property in the total amount of $2,000.00 per month.

In addition, Thomas failed to list a debt, that is, a

$397,000.00 mortgage.

The alleged wires were:

| Count | Date | Amount of Loan | Wired From | Wired To |
|-------|------|----------------|------------|----------|
| Count 1 | 06-30-06 | $175,900 (1435 South Summit) | Option One Mortgage, through Mellon Bank | Bankers Title England, AR |
| Count 2 | 08-31-06 | $60,000 (3709 W. 12th) | Decision One Mortgage, through Marine Bank | Professional Land Title Service Little Rock, AR |
| Count 3 | 09-25-06 | $397,000 (33 Glasgow) | First Franklin through National Bank | Professional Land Title Service Little Rock, AR |
| Count 4 | 12-12-06 | $45,000 (1813 Princeton) | Long Beach Mortgage through Washington Mutual Bank | Professional Land Title Service Little Rock, AR |

Thomas has pleaded not guilty to all four counts of the Superseding Indictment.

As I told you at the beginning of trial, any Indictment is simply an accusation.  It is not evidence of anything.  To the contrary, Thomas is presumed to be innocent.  Thus Thomas began the trial with no evidence against her.  The presumption of innocence alone is sufficient to find Thomas not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crime charged.  There is no burden on Thomas  to prove that she is innocent.

# INSTRUCTION NO. 8

The fact that Thomas did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

# INSTRUCTION NO. 9

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it.

# INSTRUCTION NO. 10

The crime of wire fraud as charged in Counts 1 through 4 of the Superseding Indictment, has three elements.

*One*,  Thomas  devised a scheme to defraud or obtain money or property, or participated in a scheme to defraud, with knowledge of its fraudulent nature by means of material false representation.

 *Two*, Thomas did so with the intent to defraud; and

*Three*, Thomas used interstate wires, or caused them to be used, for the purpose of funding the loans and executing the scheme.

If all these elements have been proved beyond a reasonable doubt, then you must find Thomas guilty of the crime charged; otherwise, you must find Thomas not guilty of this crime. You must unanimously agree beyond a reasonable doubt on all elements on each count charged to find Thomas guilty as to that count.  You need not agree unanimously about what evidence satisfies any particular element.

# INSTRUCTION NO. 11

A statement is false if any part of it is untrue when made, and then known to be untrue by the person making it or causing it to be made. You need not find that Thomas's statements in a loan application or supporting papers were false in all of the ways alleged. You need not all agree on which of Thomas's statements or supporting papers, if any, were false. Instead, to render a guilty verdict on a particular count, you must find unanimously and beyond a reasonable doubt that a statement by Thomas in the loan application or supporting papers about that transaction was false in at least one of the ways alleged in the Superseding Indictment. See Instruction No. 7.

# INSTRUCTION NO. 12

A false representation is material if it had a natural tendency to influence, or was capable of influencing, a bank or mortgage company's decision to make or not make a loan to Thomas.  The bank or mortgage company, however, need not actually have been influenced in order for the representation on the loan application to be material.

# INSTRUCTION NO. 13

It is not necessary that Thomas actually herself sent funds by an interstate wire or specifically intended that an interstate wire be used. If an interstate wire was used to carry out the scheme, and the use of an interstate wire by someone involved in a transaction was reasonably foreseeable, then the use element of wire fraud has been proved. You must unanimously agree about the use element, and all the elements, on each count charged in the Superseding Indictment. See Instructions No. 7 and No. 10.

# INSTRUCTION NO. 14

Knowledge may be proved like anything else.  You may consider any of Thomas's statements and acts in connection with the alleged offense, and all the facts and circumstances in evidence which may aid in a determination of Thomas's knowledge.  You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly not done.

## INSTRUCTION NO. 15

To act with intent to defraud means to act knowingly and with the intent to deceive someone for the purpose of bringing about some financial gain to oneself or another to the detriment of another person.

# INSTRUCTION NO. 16

You have heard evidence about a property on Arch Street that was purchased in a transaction involving Brandy Thomas and Linda Hampton, the grandmother of Thomas's child.  Scott Deaton acted as the real estate broker at Exit Realty for this transaction.

You may consider the Arch Street-related evidence from Hampton or Deaton or both only if you unanimously find that it is more likely true than not true.  This is a lower standard than proof beyond a reasonable doubt.  If you find that this evidence is more likely true than not true, you may consider it only to help you decide whether Thomas intended to defraud or made a mistake when she took part in the transactions in this case.  You should give this evidence the weight and value you believe it is entitled to receive.  If you find that the Arch Street-related evidence is not more likely true than not true, then you shall disregard it.

Remember, even if you find that Thomas may have committed a similar act in the past, this is not conclusive evidence that she committed any alleged act in this case.  You may not convict Thomas in this case solely because you believe she may have committed a similar act in the past.  Thomas is on trial only for the crimes charged.  You may consider the evidence of prior acts only on two issues: whether Thomas intended to defraud, and the absence of any mistake by Thomas, when she participated in the four loan transactions in this case.

# INSTRUCTION NO. 17

You have heard evidence that Linda Hampton has received a promise from the United States that her testimony will not be used against her in a criminal case.  Her testimony was received in evidence and may be considered by you, as limited by Instruction No. 16. You may give her testimony the weight that you think it deserves.  Whether or not her testimony may have been influenced by the United States' promise is for you to determine.

## INSTRUCTION NO. 18

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in Court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Thomas is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open Court.  Remember that you should never tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdicts must be based solely on the evidence and on the law which I have given to you in my instructions. Your verdicts whether guilty or not guilty must be unanimous.  Nothing I have said or done is intended to suggest what your verdicts should be—that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decisions that you reach in this case.  There is one form for each loan transaction. I'm attaching a copy of the four verdict forms for each of you. I'll read them to you now.

You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms on blue paper, sign and date them, and advise the bailiff that you are ready to return to the courtroom.

# VERDICT FORM 1

We, the Jury, find Brandy Marie Thomas

_____ not guilty          _____ guilty

of wire fraud relating to the loan for the house at

1423 South Summit as charged in Count 1 of the

Superseding Indictment.

_____          _____

Foreperson                    Date/Time

# VERDICT FORM 2

We, the Jury, find Brandy Marie Thomas

_____ not guilty          _____ guilty

of wire fraud relating to the loan for the house at

3709 West 12th as charged in Count 2 of the

Superseding Indictment.

_____          _____

Foreperson                   Date/Time

# VERDICT FORM 3

We, the Jury, find Brandy Marie Thomas

_____ not guilty          _____ guilty

of wire fraud relating to the loan for the house at

33 Glasgow as charged in Count 3 of the

Superseding Indictment.

_____          _____

Foreperson                           Date/Time

# VERDICT FORM 4

We, the Jury, find Brandy Marie Thomas

_____ not guilty                _____ guilty

of wire fraud relating to the loan for the house at

1813 Princeton as charged in Count 4 of the

Superseding Indictment.

_____            _____

Foreperson                            Date/Time